UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

MICHAEL PAUL FARNSWORTH,

       Defendant.
_____/

Case No. 15-20095
Hon. Mark A. Goldsmith

**OPINION
SETTING FORTH THE REASONS FOR DENYING DEFENDANT MICHAEL PAUL
FARNSWORTH'S MOTION FOR COMPASSIONATE RELEASE (Dkt. 102)**

The Court denied Defendant Michael Paul Farnsworth's motion for compassionate release on August 13, 2020 (Dkt. 102). The Court is entering this Opinion to set forth its findings and analysis in support of that order.[1]

Pursuant to a Rule 11 plea agreement, Farnsworth was sentenced on September 16, 2018, to 10 years' imprisonment for distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). See Judgment (Dkt. 81). Farnsworth sought compassionate release under the First Step Act. He requested that the Court reduce the remaining years of his prison sentence to supervised release because of the dangers posed by COVID-19. For the reasons that follow, the Court denied Farnsworth's motion.

### I.    LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district

---

[1] The Court also denied Farnsworth's motion for reconsideration of that order (Dkt. 105).

courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

## II. ANALYSIS

### A. Extraordinary and Compelling Reasons

The Sentencing Guidelines policies did not support a finding of extraordinary and compelling reasons justifying Farnsworth's requested relief. Farnsworth is 40 years old and has been diagnosed with asthma, see Farnsworth Medical Records, Ex. 1 to Resp., at PageID.896 (Dkt. 96-1), and he has a body mass index of 31, see id. at PageID.936-937, which is slightly above the level the Centers for Disease Control and Prevention has identified as placing a person at an

increased risk for severe COVID-19 symptoms.[2]  However, Farnsworth has been prescribed an Albuterol inhaler for his asthma with a 90-day use.  Id. at PageID.909.  If Farnsworth needs more Albuterol, he can make a sick call, but his medical records do not indicate that he has ever needed a second inhaler, and he has not had any recent asthma exacerbations.  Additionally, there are no active COVID-19 cases among inmates at FCI Loretto at this time.[3]  In light of Farnsworth's relatively young age, his access to adequate medical care, and the current levels of active COVID-19 cases among inmates at FCI Loretto, release would not have been consistent with the policy statements issued by the Sentencing Commission.[4]

### B. 18 U.S.C. § 3553(a) Factors

The § 3553(a) factors include the nature and circumstances of a defendant's offenses and the history and characteristics of the defendant, the seriousness of the offenses, and the need to protect the public from further crimes by the defendant.  Farnsworth pleaded guilty to distributing child pornography, and he was sentenced to a 10-year custodial sentence in February 2018.  Before being sentenced, the chief psychologist at the Milan Detention Center reported that Farnsworth had ordered a book, based on a true story, about an individual who "stalked elementary schools and playgrounds looking for young girls from low-income neighborhoods to abduct, rape and

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#obesity (last visited on October 20, 2020).

[3] See https://www.bop.gov/coronavirus/ (last visited on October 20, 2020).

[4] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19.  See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-*7 (E.D. Mich. May 1, 2020).

murder." 7/19/16 Letter, Ex. to Gov't Resp. (80-2). He also ordered books about notable serial killers. Id. The chief psychologist described this conduct as a "clear example" of "continued risk relevant behaviors." Id. The § 3553(a) factors did not favor Farnsworth's release.

### III.   CONCLUSION

For the reasons stated above, the Court denied Farnsworth's motion for compassionate release (Dkt. 91).

Dated: October 26, 2020　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 26, 2020.

　　　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　　　Case Manager