UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

MICHAEL PAUL FARNSWORTH,

        Defendant.
_____/

Case No. 15-20095
Hon. Mark A. Goldsmith

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (Dkt. 136)**

Defendant Michael Paul Farnsworth previously filed two motions for compassionate release based on (i) his fear of contracting COVID-19, and (ii) his desire to care for his sick mother (Dkts. 114, 127). The Court denied both motions because (i) Farnsworth failed to show an extraordinary and compelling circumstance warranting his release, and (ii) the factors set forth in 18 U.S.C. § 3553(a) did not support releasing him (Dkt. 135). Farnsworth has now filed a motion for reconsideration of the Court's denial of his motions for compassionate release (Dkt. 136), arguing that the Court did not consider his mother's medical records in holding that Farnsworth's desire to care for his sick mother was not an extraordinary and compelling reason to release him. The Government filed a response (Dkt. 138), arguing that (i) Farnsworth's mother's medical records do not show that Farnsworth's family circumstances are extraordinary and compelling, and (ii) even if Farnsworth had shown an extraordinary and compelling reason to be released, his motions would still be denied based on the § 3553(a) factors. The Court agrees with the Government. Accordingly, Farnsworth's motion for reconsideration is denied.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

## I. ANALYSIS

The Court may grant a motion for reconsideration if the movant shows that: (i) a palpable defect misled the parties and the Court, and (ii) correcting the defect would result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A defect is palpable if it is "obvious, clear, unmistakable, manifest, or plain." Olson v. Home Depot, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004). As discussed below, Farnsworth cannot show that consideration of his mother's medical records would result in his motions for compassionate release being granted.

### A. Extraordinary and Compelling Circumstances

"[D]istrict courts have full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." United States v. Jones, 980 F.3d 1098, 1109 (6th Cir. 2020). In finding that Farnsworth failed to show extraordinary and compelling circumstances justifying his release, the Court stated that Farnsworth had failed to provide proper medical documentation of his mother's medical conditions. 10/26/21 Op. at 11 (Dkt. 135). Farnsworth argues that he did submit medical documentation of one of his mother's conditions (her knee condition), and he concludes that the Court's failure to consider this document warrants reconsideration of his motions for compassionate release. Mot. at 4. The Court disagrees. Farnsworth's mother's medical records show only that she has knee pain. See Medical Records (Dkt. 128). The fact that a defendant's parent merely has a health condition does not mean that the defendant should be released to assist that parent. See United States v. Jackson, No. 16-20460-7, 2021 WL 2217509 at *3 (E.D. Mich. June 2, 2021) ("[I]t is not extraordinary to have a sick parent who may need assistance."). Not every health condition of a defendant's parent creates an "extraordinary" need for the defendant to be released to care for the parent, because not every condition requires "around-the-clock assistance to perform daily activities." 10/26/21 Op. at 11. As other courts have acknowledged,

a defendant's mother's "knee condition is not an 'extraordinary' circumstance warranting a reduction in sentence." United States v. Hubbard, No. 1:14-cr-00214, 2021 WL 5177871 at *2 (E.D. Mich. Nov. 8, 2021). Thus, even considering Farnsworth's mother's medical records, they do not show that extraordinary and compelling circumstances warrant releasing Farnsworth.

### B. Section 3553(a) Factors

Before granting a compassionate release motion, a district court must (i) find that "extraordinary and compelling reasons warrant [a sentence] reduction," and (ii) determine that the "relevant sentencing factors listed in 18 U.S.C. § 3553(a)" weigh in favor of reducing the defendant's sentence. Jones, 980 F.3d at 1101. If either step is not satisfied, the defendant's motion must be denied. See id. Farnsworth does not argue that the Court erred in finding that the § 3553(a) factors weigh against releasing him. Thus, even if the Court improperly concluded that Farnsworth has not shown an extraordinary and compelling reason to release him, this would not change the ultimate disposition of Farnsworth's case. Put differently, the Court's denial of Farnworth's motions for compassionate release would still be supported by the § 3553(a) factors.

## II.  CONCLUSION

For these reasons, Farnsworth's motion for reconsideration (Dkt. 136) is denied.

**SO ORDERED.**

Dated: November 29, 2021   s/Mark A. Goldsmith
     Detroit, Michigan   MARK A. GOLDSMITH
                                                          United States District Judge